# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHN W. BEMBRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-065 |
| | ) |
| RAYMOND J. WOODBERRY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Convicted of, inter alia, social security fraud, CR407-154, doc. 100, *aff'd*, *United States v. Bembry*, 321 F. App'x 892 (11th Cir. 2009), John W. Bembry now seeks to sue, under 42 U.S.C. § 1983, the police detective who arrested him. Doc. 1 at 5.[1] His claim, in its entirety:

> Detective Woodbury, b[y] subterfuge and fraud, arrested Plaintiff "inside" of his Hotel Room without authority, consent, or exigent circumstances on a misdemeanor offense in which he illegally obtained evidence that prejudiced Plaintiff and violated Plaintiff's U.S. constitutional rights guaranteed him. After the others

---

[1] He has sent in his in forma pauperis paperwork (doc. 6, 7), so the Court now reviews his case under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *Simpson v. Stewart*, 2010 WL 2712129 at * 1 (11th Cir. July 9, 2010).

realized this, they worked in collusion to facilitate the fraud. Further, U.S. Probation Officer Marty Bragg, made fraudulent conveyances in retaliation of Defendant/Plaintiff exercising his right to compulsory process.

Doc. 1 at 4; *see also id.* at 5 (he seeks actual and punitive damages).

Construing the pro se complaint liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), Bembry raises a false arrest/imprisonment claim, and perhaps a malicious prosecution claim ("others ... worked in collusion to facilitate the fraud").[2] Those two claims are analytically distinct:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* -- when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but *not* more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.

---

[2] The retaliation-based, fraudulent conveyance claim is nonsensical and thus dismissed on its face.

2

*Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (quotes and cites omitted; emphasis original and added).

Thus, false arrest/imprisonment claims provide recovery for damages between the time of arrest or seizure and the issuance of legal process. *Wallace*, 549 U.S. at 390 ("false imprisonment ends once the victim becomes held pursuant to [legal] process"); *Whiting v. Traylor*, 85 F.3d 581, 585 n. 8 (11th Cir. 1986) (same). But "[a] cause of action for false or unlawful arrest cannot be pursued ... when a person is arrested based on a warrant." *Norton v. Stidham*, 2009 WL 5214484 at *4 (W.D. Va. Dec.29, 2009); *Churchill v. Whitaker*, 2005 WL 3534208 at *2 (N.D. Tex. Dec. 9, 2005) (same).

For that matter, allegations that an arrest was made pursuant to a defective warrant are more closely analogous to the common-law tort of malicious prosecution. *Wheeler v. Anne Arundel County*, 2009 WL 2922877 at *7 (D. Md. Sept. 8, 2009); *Williams v. Georgia*, 2010 WL 1737604 at * 2  n. 4 (S.D. Ga. April 6, 2010) ("Since Williams was arrested pursuant to a warrant (hence, a probable cause determination was made), his only conceivable claim is a claim for malicious prosecution").

But a malicious prosecution claim does not even "accrue until [the plaintiff's] conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477 (1994); *Domotor v. Wennet*, 356 F. App'x 316, 316 (11th Cir. 2009); *Brown v. McConnell*, 2009 WL 2338001 at * 2 (S.D. Ga. July 27, 2009) (applying *Heck* to dismiss inmate's § 1983 case; "Brown has not alleged that his conviction has been set aside or invalidated, so he may not proceed with a § 1983 claim against these defendants, for were he to prevail here, such victory would necessarily imply the invalidity of his conviction.") (quotes and cite omitted); *cf. Simpson*, 2010 WL 2712129 at * 1 (vacating district court's *Heck* dismissal of false-arrest based § 1983 case because plaintiff showed all charges had been *nolle prossed*).

Evidently hip to *Heck*, Bembry does not even bother to reference the underlying criminal case against him. Doc. 1 at 5. Nor does he allege either way whether a warrant was involved, only that Woodberry employed some sort of "subterfuge" on a "misdemeanor offense." *Id.* The Court, however, is free to take judicial notice of its own records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009). And the record in *United States v. Bembry*, CR407-154, demonstrates what

4

Bembry cannot now ignore: Woodberry arrested him *with* a warrant -- a misdemeanor warrant -- that ultimately led to Bembry's *felony* indictment. *See Bembry*, CR407-154 doc. 59 at 3-4, reported at 2007 WL 3484226 at * 1-2 ("Det. Woodberry decided to check Bembry's criminal background by entering his name into a police database. The database search revealed that on January 25, 2006, a Twiggs County [Georgia] probate court judge had signed a warrant for Bembry's [Chatham County, Georgia] arrest after Bembry failed to appear in court to answer misdemeanor traffic charges."); *see also id.* at * 2 (the following morning, Woodberry arrested Bembry at Bembry's hotel, using that warrant).

Woodberry thus "caused or allowed [Bembry] to remain in prison 'pursuant to legal process,' for which a false arrest or imprisonment claim does not lie. [And Bembry] has similarly failed to allege facts ([the federal] prosecution has not ended in his favor) supporting a claim for malicious prosecution or for an improper warrant procedure." *Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (cite omitted). So when Bembry succeeds in getting his conviction or sentence invalidated, he may proceed with this case. Until then, his § 1983 malicious prosecution

claim simply is not "cognizable," *Heck*, 512 U.S. at 487, and therefore should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED,** this 28th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA